IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL E ROWAN,

    Plaintiff,

v.                                                                          CASE NO. 4:10-cv-429-MP-GRJ

KEN TUCKER, et al.,

    Defendants.

_____/

## O R D E R

This case is before the court on Doc. 42, Plaintiff's Request for Leave of Court to Depose Persons Confined in the Florida Department of Corrections; Doc. 46, Plaintiff's Request for Leave of Courts to Depose by Written Questions Duane Spears; and Doc. 59, Plaintiff's Motion for Ruling on Pending Motions Related to Discovery Process.  The discovery period in this case was initiated on May 16, 2011 and though originally scheduled to end on August 15, 2011, this Court has granted extensions of time through September 23, 2011.  (Docs. 22, 57).  Plaintiff filed the instant requests for leave to depose by written questions four inmates and one former warden on or before August 15, 2011.  (Docs. 42, 46).  Defendants have not filed responses in opposition to Docs. 42 or 46, and the time for doing so has passed.

### Background

Plaintiff is an inmate at Taylor C.I. Annex.  His Complaint, filed October 6, 2010, alleges violations of his right to Equal Protection and his right to exercise his religion as codified in the Religious Land Use and Institutionalized Persons Act (RLUIPA) and

Florida Religious Freedom Restoration Act (FRFRA).  Plaintiff asserts that his religious preference is Messianic Judaism, which he describes as a sect of Judaism that accepts Jesus Christ as the promised Messiah of the Old Testament of the Bible and also recognizes the New Testament as the inspired, infallible word of God.  Plaintiff contends that until March 2010, inmates recognized as "Messianic Jewish/Judaism" by the Department of Corrections were permitted to attend Friday afternoon prayer observance (Erev Shabbat) and recognized Jewish feast/festival holy days of Leviticus Ch. 23 with inmates recognized as being of the "Jewish/Judaism" faith. Following the Passover holiday in 2010, Defendant Scheetz, Chaplain at Taylor C.I., allegedly removed all inmates of the Messianic faith from the Friday afternoon services and prohibited Messianic inmates from meeting with Jewish inmates for holidays.  (Doc. 1).

     Plaintiff submitted an inmate request on April 25, 2010 requesting Messianic inmates be permitted to come to Friday afternoon or Saturday morning services, have an outside sponsor provide religious items, and to assist Messianic inmates in observing Jewish holidays.  Plaintiff contends that in response, Defendant Scheetz informed him that Messianic inmates are considered a type of Christian faith group and would be permitted in any Christian/Protestant services provided.  Plaintiff pursued the DOC's grievance process and on August 4, 2010, the Office of the Secretary of the Department of Corrections denied his administrative appeal.  He then initiated the instant action, naming as Defendants the Secretary of the Florida Department of Corrections, Chaplaincy Services Specialist, Taylor C.I. Chaplain, and Taylor C.I. Warden in their official capacities.  Plaintiff also sues Defendant Scheetz, the Taylor C.I. Chaplain, in his individual capacity.  (Doc. 1).

Plaintiff requests as relief (1) declaratory judgment that Defendants violated Plaintiff's constitutional right to Equal Protection and his right to religious exercise under RLUIPA and FRFRA; (2) a preliminary and permanent injunction against Defendants from denying Plaintiff the right to assemble with other Messianic believers; (3) Defendants recognize Messianic Judaism as religion distinct from Christianity; (4) Messianic Organizations/Congregations be allowed to donate items necessary for religious observances; (5) the DOC be required to incorporate RLUIPA and FRFRA into its policies, procedures and decision-making; (6) punitive and nominal damages against Defendant Scheetz; (7) an award of taxable costs associated with the instant action. (Doc. 1).

## Discussion

Discovery is permitted regarding un-privileged matter that is relevant to the subject matter of the action. *Fed. R. Civ. P. 26(b)(1).* For discovery purposes, information is relevant if it "bears on, or. . .reasonably could lad to other matter[s] that could bear on any issue that is or may be in the case. *Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351 (1978).* Relevant information does not have to be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. *Fed. R. Civ. P. 26(b)(1).*

Pursuant to Fed. R. Civ. Pro. 31(a)(2)(B), a party seeking to take a deposition by written questions must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) if the person to be examined is confined in prison. Rule 26(b)(2) provides, in pertinent part, that the

court must limit discovery if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; (3) the burden or expense of the proposed discovery outweighs its likely benefit.

### Plaintiff's request to depose by written questions four inmates (Doc. 42)

Plaintiff seeks leave of this Court to depose by written questions, pursuant to Fed. R. Civ. Pro. 31(a)(2), four prisoners currently incarcerated in the Florida Department of Corrections: Jeffrey Reuter, Steven Oakley, Michael Levine, and Ross Jay Lawson. Plaintiff asserts that the prisoners have direct and personal knowledge of facts related to his claim.  Plaintiff argues that each inmate's testimony is relevant as follows:

> Jeffrey Reuter #595303 was previously an inmate at Taylor Correctional Institution Annex whose initial religious preference was recognized as Messianic Jewish/Judaism and routinely attended Jewish Services and/or Jewish Prayer Observance up until the time he was transferred.  Inmate Reuter is expected to testify to the above; the basis for changing his recognized faith from Messianic Jewish to Jewish; that he attended Jewish services and activities by call out; as well as to the substance of these services i.e. what activities/rituals were performed therein.

> Steven Oakley #120318 was previously an inmate at Taylor Correctional Institution Annex whose initial religious preference was recognized as Messianic Jewish/Judaism and routinely attended Jewish Services and/or Jewish Prayer Observance up until the time he was transferred.  Inmate Oakley is expected to testify to the above; of his awareness that inmates recognized as Messianic Jewish/Judaism were previously permitted by call out to attend Jewish services and/or activities as well as the substance of these activities.  In addition to this inmate Oakley was also a Chapel Orderly at Taylor Correctional Institution Annex and may be able to provide relevant facts/information regarding other issues as well related to this current litigation.

*Case No: 4:10-cv-00429-MP-GRJ*

> Michael Levine #W25511 was previously an inmate at Taylor Correctional Institution Annex whose religious preference was recognized as Jewish (possibly Reformed Judaism) and attended Jewish Services/Jewish Prayer Observance while at Taylor Correctional Institution Annex.  Inmate Levine is expected to testify to the above; of his awareness that inmates recognized as Messianic Jewish/Judaism were previously permitted by call out to attend Jewish services and/or activities as well as the substance of these activities.  In addition to this Plaintiff has a reasonable basis to believe that Inmate Levine, perhaps together with inmate Ross Lawson. . .are responsible for making a complaint to the Chaplain and/or the Aleph Institute (Jewish sponsor/donor) that Messianic inmates were attending Jewish services and/or activities that ultimately led to the prohibition of Messianic inmates from further attending Jewish services and/or activities.
>
> Ross Jay Lawson #726599  was previously an inmate at Taylor Correctional Institution Annex whose religious preference was recognized as Jewish (Orthodox Judaism) and attended Jewish Services/Jewish Prayer Observance while at Taylor Correctional Institution Annex.  Inmate Lawson is expected to testify to the above; of his awareness that inmates recognized as Messianic Jewish/Judaism were previously permitted by call out to attend Jewish services and/or activities as well as the substance of these activities.  In addition to this, inmate Lawson, based on information and belief, perhaps together with Inmate Levine. . .are responsible for making a complaint to the Chaplain and/or The Aleph Institute (Jewish sponsor/donor) that Messianic inmates were attending Jewish Services and/or activities that ultimately led to the prohibition of Messianic inmates from further attending Jewish Services and/or activities.

(Doc. 42).

Plaintiff notes that of the four inmates described, Inmates Reuter and Oakley "are the most essential" though he wishes to depose by written questions all four inmates.

While the value of the discovery proposed by Plaintiff appears to be marginal, in light of the fact that there has been no response or objection by Defendants and Plaintiff's sufficient explanation of the relevancy of the discovery, the Court will grant Plaintiff leave to depose the four inmates by written questions.  Plaintiff is responsible for ensuring that all requirements of Rule 31 are met, including service to all parties, notice, and notice of completion or filing.  However, in light of the Department of

Corrections restrictions on communication among inmates, Plaintiff and the Department of Corrections are directed to follow the following procedures for serving the written questions and completing the written depositions of Inmates Reuter, Oakley, Levine, and Lawson:

    1.  Plaintiff shall submit the written deposition questions for each deponent to the Department of Corrections Office of General Counsel, 501 South Calhoun Street, Tallahassee, FL 32399-2500.  The written deposition questions shall be strictly limited to the subject matter and area of inquiry identified in Plaintiff's motion (Doc. 42).

    2.  D.O.C. Office of General Counsel shall forward the deposition questions to the litigation coordinators at the correctional institutions where each inmate is housed. The inmates Plaintiff is permitted to depose by written questions are identified by Plaintiff by surname and DC Number: Reuter (#595303), Oakley (#120318), Levine (#W25511), and Lawson (#726599).

    3.  The litigation coordinator (or other appropriate staff member) at the institution where each inmate is housed shall swear in the inmate prior to his completion of responses to the written deposition questions.

    4.  After each inmate completes his responses to the written deposition questions, the litigation coordinator or other appropriate staff member shall certify in writing that the inmate identified as the deponent was in fact the inmate who responded to the written deposition questions.  The litigation coordinator or other appropriate staff member shall then send the responses back to the D.O.C. Office of General Counsel.

    5.  The D.O.C. Office of General Counsel shall send each inmate's deposition to Plaintiff, Michael E. Rowan, at the correctional institution where he is housed.

*Case No: 4:10-cv-00429-MP-GRJ*

**Plaintiff's request to depose former warden Duane Spears (Doc. 46)**

Plaintiff asserts that Duane Spears, the former warden at Taylor C.I., has discoverable information relevant to this suit.  Plaintiff appears to interpret Rule 31(a)(2)(A) to mean that he must seek leave of this Court to depose Mr. Spears because the parties have not stipulated to the deposition, and thus he seeks this Court's leave to depose Mr. Spears by written questions.  (Doc. 46).  However, Rule 31 does not require Plaintiff to seek leave of Court to depose by written questions Mr. Spears.  None of the scenarios in Rule 31(a)(2)(A) are applicable to Plaintiff's request.  Plaintiff is advised that he is required to comply with Rules of Civil Procedure and neither the Defendants nor this Court are obligated to assist him with discovery.  Plaintiff is responsible for submitting the written questions to the proposed deponent notwithstanding obstacles to this deposition that exist due to Plaintiff's incarceration, including but not limited to the cost of hiring a court reporter.

Accordingly, upon due consideration, it is **ORDERED:**

(1) Plaintiff's Request for Leave of Court to Depose Persons Confined in the Florida Department of Corrections (Doc. 42) is **GRANTED.**  Plaintiff is granted leave to depose by written questions Inmates Reuter, Oakley, Levine, and Lawson.  **The written deposition questions shall be strictly limited to the subject matter and area of inquiry identified in Plaintiff's motion (Doc. 42).**

(2) Plaintiff and the Department of Corrections are directed to comply with the procedures as outlined above.  The **Clerk** is directed to send a copy of this Order via first-class mail to the Department of Corrections Office of General Counsel, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

*Case No: 4:10-cv-00429-MP-GRJ*

(3) Plaintiff's Request for Leave of Court to Depose by Written Questions Duane Spears (Doc. 46) is **DENIED as MOOT.**

(4) Plaintiff's Motion for Ruling on Pending Motions Related to Discovery Process (Doc. 59) is **DENIED AS MOOT.**

**DONE AND ORDERED** this 28th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge